UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGAN MILITELLO, as administrator of the Estate of Elizabeth Militello, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CLIENT SERVICES, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MEGAN MILITELLO, as administrator of the Estate of Elizabeth Militello, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants: CLIENT SERVICES, INC. ("CSI"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

4. More specifically, the collection letter sent by Defendant was mailed to Rock Tavern, New York.

## DEFINITIONS

5. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person residing in Hudson County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. CSI is a foreign business with offices located at 3451 Harry S. Truman Blvd., Saint Charles, MO 63301-4047.

9. Upon information and belief, CSI uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. CSI is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from CSI between September 22, 2019 and September 22, 2020, concerning a debt owed to another, which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the

Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
  - a. Whether the Defendants violated various provisions of the FDCPA.
  - b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
  - c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
  - d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.
- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before October 9, 2019, Elizabeth Militello incurred a financial obligation to CITIBANK, N.A. ("CITI").

16. Elizabeth Militello passed away on October 9, 2019.

17. The Surrogates Court of the State of New York – Orange County issued Letters of Administration to Plaintiff on July 24, 2020.

18. On or before July 14, 2020, the CITI account was referred to CSI for the purpose of collection.

19. CSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. At the time the CITI account was referred CSI, said account was past due.

21. At the time the CITI account was referred CSI, said account was in default.

22. The CITI obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The CITI obligation did not arise out of a transaction that was for business purposes.

24. The CITI obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. CITI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. CSI caused to be delivered a letter dated July 14, 2020, which was addressed to Elizabeth Militello, attempting to collect the CITI obligation. A copy of said letter annexed hereto as Exhibit A.

27. Upon receipt, Plaintiff read the July 14, 2020 letter.

28. The July 14, 2020 letter stated in part:

> Our client, the current creditor referenced above, has placed the above Citi Mastercard account with our organization for collections.
>
> | | |
> |---|---|
> | Balance Due At Charge-Off: | $0.00 |
> | Interest Since Charge-Off: | $1,076.29 |
> | Other Charges Since Charge-Off: | $0.00 |
> | Payments Made Since Charge-Off | $0.00 |
> | **Balance Due**: | $1,076.29 |

29. The July 14, 2020 letter further stated in part:

> **Your Account Balance: $1,076.29**
> **Your Account Resolution Offer: $700.00**
>
> **<u>ACCOUNT RESOLUTION OFFER</u>**
>
> We are offering you the ability to resolve your account balance for the amount of $700.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent timely receipt of your payment. If payment is not received in out office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. *Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account.* This offer does not affect your right to dispute the debt as described above. [emphasis added].

30. The July 14, 2020 letter fails to explain how the interest has accrued in the amount of $1,076.29 since the date the debt CITI obligation was charged off, when the Balance Due At Charge-Off was $0.00.

31. The July 14, 2020 letter to Plaintiff does not inform the reader weather or not interest will be added to the account balance, once CSI completes its collection efforts concerning the CITI debt.

32.     The July 14, 2020 letter to Plaintiff does not inform the reader whether or not interest will continue to accrue on the CITI account, but just not added to the account balance while the CSI asserts its collection efforts concerning the account.

33.     The July 14, 2020 letter to Plaintiff does not inform the reader whether the "no interest will be added to your account balance during the course of CSI collection efforts" policy is an interest forbearance, an interest deferment, or an interest forgiveness.

34.     The July 14, 2020 letter to Plaintiff does not inform the reader whether the "course of CSI collection efforts concerning your account" is limited to the ACCOUNT RESOLUTION OFFER period of forty (40) days from the date of notice or if its collection efforts will continue after the ACCOUNT RESOLUTION OFFER period.

## POLICIES AND PRACTICES COMPLAINED OF

35.     It is CSI's policy and practice to send initial written collection communications, in the form annexed hereto as Exhibit A, which violate the FDCPA, by *inter alia*:

    (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)     Making a false representation of the character or amount of the debt; and

36.     On information and belief, CSI sent written communications in the form annexed hereto as Exhibit A, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38.     Collection letters and/or notices, such as those sent by CSI, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

40.     CSI violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive and misleading representations and means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

41.     CSI violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

42.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

43.     The July 14, 2020 letter sent by CSI made a false representation as to the character of the debt.

44.     CSI violated Section 1692e(2)(A) of the FDCPA by stating in the July 14, 2020 letter that the CITI debt was of the type of character that somehow even with a "Balance Due At Charge-Off:   $0.00" it had accrued interest of $1,076.29 after the debt was already charged off.

45.     CSI further violated Section 1692e(2)(A) of the FDCPA by stating that no interest will be added to the account balance, without disclosing whether or not interest would continue to accrue and be added once CSI completes it collection efforts.

46.     Plaintiff and others similarly situated, suffered an informational injury as a result of CSI's violation of 15 U.S.C §1692e(2)(A).

47. Plaintiff and others similarly situated, suffered a risk of economic injury as a result of CSI's violation of 15 U.S.C §1692e(2)(A).

48. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

49. CSI violated 15 U.S.C. §1692e(10) by using a false representation and deceptive means as to the interest on the account balance in the July 14, 2020 letter.

50. The July 14, 2020 fails to explain how the CITI obligation with a balance due at the time it was charged-off $0.00, could possibly accrue interest after it was charged-off.

51. The July 14, 2020 letter letter can be read to have two or more meanings:

   a. The "Interest Since Charge-Off" amount of $1,076.29 is an amount due as a result of the CITI debt being Charged-Off;

   b. That interest is continuing to accrue on the CITI debt even though the debt had been Charged-Off;

   c. Even though the "Balance Due At Charge-Off" was $0.00, the CITI debt was somehow still subject to accruing interest.

52. At least one or more of the meaning above are inaccurate.

53. CSI further violated 15 U.S.C. §1692e(10) because the least sophisticated consumer upon reading the July 14, 2020 letter would be unsure of whether or not interest on the account balance would continue to accrue and just not be added to the account balance until CSI completed its collection efforts.

54. The least sophisticated consumer upon reading the July 14, 2020 letter would be unsure of whether or not account balance has an "interest free" period during CSI collections efforts.

55. The statement: "Please note that no interest will be added to your account balance through the course of Client Service, Inc. collection efforts concerning your account" in the July 14, 2020 letter can be read to have two or more meanings:

> (1) Interest is not accruing during the course of CSI collection efforts; or
>
> (2) Interesting is accruing, but will not be added to the account balance until CSI completes its course collection efforts; or
>
> (3) CSI course of collection efforts will cease at the end of the ACCOUNT RESOLUTION OFFER period; or
>
> (4) CSI course of collection efforts is continue beyond the end of the ACCOUNT RESOLUTION OFFER period.

56. At least one reading of the statement: "Please note that no interest will be added to your account balance through the course of Client Service, Inc. collection efforts concerning your account" in the July 14, 2020 letter in inaccurate.

57. Plaintiff and others similarly situated, suffered an informational injury as a result of CSI's violation of 15 U.S.C §1692e(10).

58. Plaintiff and others similarly situated, suffered a risk of economic injury as a result of CSI's violation of 15 U.S.C. §1692e(10).

59. 15 U.S.C. § 1692f(1) prohibits a debt collector from attempting to collect any amount, including interest, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

60. CSI violated 15 U.S.C. § 1692f(1) by attempting to collect $1,076.29 of "Interest Since Charge-Off", when the July 14, 2020 letter from CSI clearly states stated that the "Balance at Charge-Off" was $0.00.

61. CSI violated 15 U.S.C. § 1692f(1) by attempting to add interest on a debt that has a balance of $0.00.

62. The agreement creating the CITI debt does authorized the charging of interest after the debt has a "Balance at Charge-Off" of $0.00.

63. The charging interest on a charged-off debt with a balance of $0.00 is not permitted by law.

64. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

68. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69. Plaintiff has suffered damages and other harm as a direct result of CSI's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against CSI as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 14, 2020

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>One Grand Central Place
>60 East 42nd Street, 46th Floor
>New York, New York 10165
>(646) 459-7971 telephone
>(646) 459-7973 facsimile
>jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.

# Exhibit A



3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047
CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX2557
BALANCE DUE: $1,076.29
REFERENCE NUMBER: ▮▮▮▮750

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 7/14/2020

## DEBT VALIDATION NOTICE

Our client, the current creditor referenced above, has placed the above Citi Mastercard® account with our organization for collections.

| | |
|---|---|
| Balance Due At Charge-Off: | $0.00 |
| Interest Since Charge-Off: | $1,076.29 |
| Other Charges Since Charge-Off: | $0.00 |
| Payments Made Since Charge-Off: | $0.00 |
| Balance Due: | $1,076.29 |

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Your Account Balance: $1,076.29**
**Your Account Resolution Offer: $700.00**
**ACCOUNT RESOLUTION OFFER**

We are offering you the ability to resolve your account balance for the amount of $700.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account. This offer does not affect your right to dispute the debt as described above.

We look forward to working with you in resolving this matter.

Joshua Pinkowski

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE,
PLEASE SEE BELOW OR REVERSE SIDE**

| REFERENCE NUMBER | ▮▮▮▮750 |
|---|---|
| AMOUNT ENCLOSED | |

PO Box 1503
Saint Peters, MO 63376



Checks Payable To:
Citibank, N.A.

REMIT TO:

ELIZABETH MILITELLO
▮▮▮▮▮▮▮▮▮▮▮▮▮
ROCK TAVERN NY 12575-5515

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376

0016 006215

1 of 1

117611-846-CB809SOR