*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

   Reply to: New York



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

https://legaljones.com

October 14, 2021

Hon. Kenneth M. Karas, USDJ
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    **Re:**    *Militello v Client Services, Inc.*
            **7:20-cv-07805 (KMK)(JCM)**

Your Honor:

In accordance with Court's October 7, 2021 Order [ECF No. 40], I write on behalf of Plaintiff and the putative class, *on consent*, to address the following address as to the parties' joint motion for preliminary approval:

- The *Goldberger v Integrated Res., Inc*. 209 F.3d 43 (2nd Cir. 2000) factors for Plaintiffs' Counsel's capped attorney's fee request;

- Similar cases of proposed damages/attorney fees that are being requested for Plaintiff, the putative class, and class counsel;

- Addressing *Oladapo v. Smart One Energy, LLC*, 2017 U.S. Dist. LEXIS 187299 (S.D.N.Y. November 9, 2017);

- The confirmatory discovery used to establish Defendants' net worth pursuant to 15 U.S.C. 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA").

By way of very brief background, on Wednesday, October 7, 2021, this Court issued an order, stating in relevant part: "…the Court certifies the Proposed Class for settlement purposes and appoints Joseph K. Jones, Esq. and Benjamin J Wolf, Esq. as Class Counsel. The Court denies without prejudice Preliminary Approval of the Class Action Settlement Agreement. The Parties are to submit supplemental materials addressing the deficiencies that the Court outlined during Oral Argument…" Furthermore, the parties are settling Plaintiff's FDCPA claims, on a

class basis, which was specifically envisioned by Congress when the FDCPA was drafted, and signed into law. See Sections 1692k(a)(2)(b); 1692k(b)(2). In addition, damages to the class are a function of Defendants' net worth, and the size of the putative class, which are fixed numbers. See Section 1692k(a)(2)(b); see also Fed. R. Civ. 23(a)(as to numerosity); [ECF No. 33-2, pp. 5-6]

In this case, and as relevant to the Court's October 6, 2021 Order [ECF No. 40], the parties agreed that Plaintiff will receive $2,000 (inclusive of maximum FDCPA statutory damages and an incentive award); $10.00/person for 7,944 class members (based on Defendant's net worth pursuant to Section 1692k of the FDCPA; and $30,000 in capped attorney fees to Class Counsel[1].

### The *Goldberger Factors As to Reasonbleness of Plaintiff's Counsel's Attorney Fee Request*

First, I address the *Goldberger* factors for Plaintiffs' Counsel's capped attorney's fee request (agreed by Defendant) of $30,000 through the final approval process pursuant to Fed. R. Civ. P. §23. See also *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 454 (2d Cir. 1974); *Hayes v Harmony Goldmining Co.*, 509 Fed. Appx. 21(2nd Cir.  January 29, 2013 (Karas, J sitting by designation); *Shah v 786 Ms.*, 2021 U.S. Dist. LEXIS 127316 (S.D.N.Y. April 23, 2021) (Karas, K); **Ex. A** To that end, the *Goldberger*,495 F.2d at 50 court relied on *Grinnell* as follows: "…"(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations…" In addition, not every factor must weigh in favor of settlement, but rather, the Court should consider the totality of the factors in light of the particular circumstances. *In re Global Crossing Securities and ERISA Litigation*, 225 F.R.D. 436, 436 (S.D.N.Y. 2004).

As an initial matter, in addition to drafting Plaintiff's FDCPA Complaint, Plaintiff's Counsel' fee request was premised on the following work completed, and forthcoming, in this class action matter including, but not limited to: drafting the complaint, opposing (and oral argument) related to Defendant's potential motion to dismiss; drafting discovery demands for both Defendants; reviewing Defendants' discovery responses (including net worth and class size information); negotiating the FDCPA class settlement; drafting/redlining the joint motion for preliminary approval; the preliminary approval hearing; drafting/redlining the joint motion for final approval; and, the final approval hearing. **Ex. A**

Although Plaintiff's FDCPA case is not particularly complex, the likelihood of success for the class members if they proceeded to trial is uncertain. The class claims and defenses involve several legal issues and Defendants raised several defenses to the class claims, which Defendants aver would ultimately have defeated the claims of the putative class. Of course, Plaintiff and the settlement class members might have received nothing, or substantially less than the maximum damages, at trial. Settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the case, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair and reasonable. Consequently, apart from the inherent value of a settlement in avoiding "the attendant risk and

---

[1] A copy of Plaintiff's Counsel time sheets through the TimeSlips software are annexed as **Ex. A**.

delay of trial" this factor weighs in favor of settlement, because even though what has already been done is not insubstantial, what remains to be done is substantial. See *In Re American Bank Note*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001).

Next, as to the time and expense expended, in the instant action, the disputed issues between the Parties are both legal and factual in nature[2]. The Court "need not find that the parties have engaged in extensive discovery." See *In re Austrian and German Bank Holocaust Litigation*, 80 F. Supp. 2d 164, 176 (S.D.N.Y. 2000) (citing *Plummer v. Chemical Bank*, 668 F.2d 654 (2d Cir. 1982)). "Instead, it is enough for the parties to have engaged in sufficient investigation of the facts to enable the Court to intelligently make…an appraisal of the Settlement." *Id.* The Parties have exchanged sufficient information to gauge the strengths and weaknesses of their claims/defenses and make an informed decision about settlement. Courts regularly approve settlements reached at this or even earlier stages of litigation. *See e.g., Morris v. Affinity Health Plan*, 859 F. Supp. 2d 611, 620 (S.D.N.Y. 2012). In this case, this has included, but not limited to: Defendants' responses to Plaintiff's interrogatories, admissions, and document demands. See Fed. R. Civ. P. §§33-34, 36; **Ex. A** Consequently, the Parties submit that this factor also weighs in favor of approval.

The Parties acknowledge the Court here must consider legal theories and factual situations without the benefit of a fully developed record. The Supreme Court, however, has warned that courts should not decide the merits of a case or resolve unsettled legal questions. *Carson v. American Brands*, 450 U.S. 79, 88, n. 14. (1980). Rather, courts need only assess the risks of litigation against the certainty of recovery under the proposed settlement. *In Re Global Crossing*, 225 F.R.D. at 459, citing *In re Austrian and German Bank Holocaust Litigation*, 80 F. Supp. 2d at 177. Here, the likelihood of class members succeeding at trial is uncertain. The settlement, however, provides for a damages recovery that is close to the statutory maximum available, which is the most the class would have received in this lawsuit. See Section 1692 of the FDCPA. Thus, the Parties submit that these factors also weigh in favor of approval.

The quality of Plaintiffs' Counsel's representation has already been addressed by this Court as my law partner, Joseph K. Jones, and I, have already been certified as Class Counsel. [ECF No. 40]

As to Plaintiff's Counsel's attorney fee request of $30,000, specifically, under the FDCPA, the prevailing plaintiff is entitled to "a reasonable attorney's fee as determined by the court." [A]ny debt collector who fails to comply with any provision of this title...is liable to such person in an amount equal to the sum of ...actual damages, ... [statutory damages], ... and in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a)(3). See *Pipiles v. Credit Bureau of Lockport*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). "Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the…[FDCPA] mandates an award of attorney's fees as a means of fulfilling Congress's intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." *Id;* **Ex. A**

The U.S. Supreme Court has established a guideline for determining the amount of a reasonable fee: "The most useful starting point for determining the amount of a reasonable fee is

---

[2] For example, ECF No. 7 as to Defendant's pre motion to dismiss letter.

the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." See *Hensley v. Eckerhart*, 461 U.S. at 433 In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee". *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), amended on other grounds, 522 F.3d 182 (2d Cir. 2008). The "presumptively reasonable fee" is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours". *Finkel v. Omega Commc'n Servs.*, Inc., 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *Arbor Hill*, 522 F.3d at 189); *see also, Cruz v. Local Union No. 3 of the Intl Bd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994). In assessing the presumptively reasonable fee, the Second Circuit has instructed that courts should consider -- but not apply in any mechanical way -- the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Arbor Hill*, 522 F.3d at 190. As summarized by the Second Circuit in *Arbor*, the *Johnson* factors relevant to a court's consideration are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*. at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19).

Here, the Court need not speculate what the market price would be or what fee might have been negotiated by Plaintiff and members of the class. **Ex. A**. Consistent with the foregoing precedents, and the settlement agreement, the Parties negotiated the amount of attorney's fees Defendant would pay Class Counsel for their work on behalf of Plaintiff and the Settlement Class; Defendants' agreed to pay $30,000.00. Id. The Parties' negotiated fees are far below the actual lodestar amounts. Id. The result is an amount that reflects a negotiated compromise reached through extensive arm's-length bargaining by experienced counsel and informed parties. Id. Importantly, the negotiated attorneys' fees payable by Defendant does not reduce the amount of the Class Settlement fund or damages awarded to Plaintiff. In addition, the negotiated attorneys' fees do not reduce the benefits to the class in any way. Moreover, Defendant is represented by highly skilled and experienced lawyers and it neither needs, nor has it sought, the Court's protection from the results of its own negotiations regarding Class Counsels' fees and costs.

Class Counsel succeeded in enforcing liability on 100% of the individual and class claims alleged in Plaintiff's complaint and skillfully negotiated a class settlement that resulted in an award of class and individual damages. Class Counsel is experienced in handling complex litigation such as this as previously set forth in Plaintiff's underlying papers. Most of these matters involved FDCPA claims. It should be noted that Class Counsel has worked in this case on a contingency basis under the fee shifting provisions of the FDCPA, which is a risk that cannot be spread over a large portfolio of cases. See Section 1692k of the FDCPA Class Counsel made a financial commitment to this case, and should be compensated for their dedication and

success on behalf of Plaintiff and Settlement Class. Their hourly rates include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office supplies, other overhead expenses, and forbearance of other cases.

Regarding public policy considerations, consumer litigation inevitably involves suing large corporations that have the capacity to bring enormous resources to bear, which individual consumers are unable to meet on their own. "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases....Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995). The class's attorneys in this case have worked for well over a year without compensation. If Plaintiff's attorneys are not compensated at a rate that allows them to maintain the technological as well as intellectual and professional resources-to match corporate defendants' resources, consumers will be unable to find qualified counsel to represent them. Few attorneys have the means and ability to take these cases, and if those that do are not compensated at a rate, which allows them the chance of prevailing on behalf of consumers, these cases will not be brought; thus, the remedial purpose of this legislation will fail.  In short, Class Counsel took this case on a contingency basis and in doing so, advanced all litigation costs, and did not charge the consumer anything up front – all with no guarantee of payment.

### **Prior Cases By Plaintiff's Counsel**

This Court also requested that the parties provide other FDCPA cases in which damages to the plaintiff and the class as well as attorney fees were similar as agreed in this matter. [ECF No. 40] Accordingly, Plaintiff's Counsel has recently obtained preliminary approval (final approval forthcoming) and/or final approval orders in the following cases[3]:

- *Rock v Greenspoon Marder*, 2:20-cv-03522 (D. New Jersey)(Docket Nos. 33-1; 39)($1,500 to plaintiff; $125/person for 63 class members; $30,000 in attorney fees);

- *Cuellar v Griffin*, 2:19-cv-20529 (D. New Jersey)(Docket Nos. 36-1, pp.18-39; 47)($1500/each for two plaintiffs; $36.74/person for 62 class members; $35,000 in attorney fees);

- *Mancheno/DiPetrillo v Goldman*, 3:19-cv-10554 (D. New Jersey) Docket No. 29)($2,000/each for two plaintiffs; $25.00/person for 186 class members; $66,350 in attorney fees);

- *Morrello v PRA*, 3:18-cv-03742 (D. New Jersey)(Docket Nos. 34)($1,500 to plaintiff; $73.53/person for 136 class members; $25,000 in attorney fees);

---

[3] For judicial economy purposes, Plaintiff is not annexing the publicly filed on PACER multipage settlement agreements and/or final approval orders in these cases but can do so under separate cover if requested by the Court.

- *Ortiz v Siegel*, 2:18-cv-14959 (D. New Jersey (Docket No. 55)($1,000 to plaintiff; $10.00/each for 635 class members; $27,500 in attorney fees)

### *Oladapo v. Smart One Energy, LLC*

The Court also ordered that *Oladapo v Smart One Energy, LLC*, 2017 U.S. Dist. LEXIS 187299 (S.D.N.Y. November 9, 2017) be addressed. See also *Bondi v DeFalco*, 2020 U.S. Dist. LEXIS 84701 (S.D.N.Y. May 13, 2020)(Karas, J) In that case, the plaintiff "asserted claims for breach of contract, fraud, negligent misrepresentation, unjust enrichment, and violation of Maryland's Consumer Protection Act, Md. Code § 13-101 *et seq.*, on behalf of himself and 'all others who purchased energy from or through Smart One from January 1, 2010 to the present.'" Id at 7. Notably, there were a number of issues which distinguishes it from Plaintiff's FDCPA case here. For example, and unlike Section 1692k of the FDCPA, none of the *Oladapo* (including Maryland's consumer protection law) claims specifically envision class action cases. In addition, there were issues with the class definition whereas here the settlement agreement class definition is based on a form debt collection letter sent to the putative class. Id. at *8-10, 34-43 Moreover, there were discrepancies about the size of the class itself as well as what compensation the class would receive, neither of which are issues in the settlement agreement here (i.e. each of the 7,944 can receive $10.00) Id.

Regarding the attorney fees in *Oladapo,* 2017 U.S. Dist. LEXIS 187299, *15-16, 46-47 (S.D.N.Y. November 9, 2017), there was no justification (or documentary support) whereas here Plaintiff's Counsel have attached their time records showing that their requested capped fees are substantially less that than they could receive pursuant to the lodestar calculation. **Ex. A** Moreover, the attorney fees in *Oladapo* were "…untethered to the award to the Class itself. Indeed, as discussed above plaintiff carefully avoids any discussion of how much Smart One will actually pay the Class in settlement, and therefore cannot calculate, or even estimate, what proportion of the settlement dollars will flow to Class Counsel as opposed to Class Members." Id at *46-47 Furthermore, the monies to the putative class are separate and apart from the agreed-upon attorney fees.

As to confirmatory discovery, and unlike *Oladapo*, 2017 U.S. Dist. LEXIS 1872. 99, *34-35, Plaintiffs confirmed the size of the class and the net worth of Defendants (through interrogatories, admissions, and document demands), sufficient enough to negotiate the settlement agreement.

The *Oladapo*, 2017 U.S. Dist. LEXIS 187299, *44-46 court also had an issue with the released claims in the settlement, which is not a problem here, since the only claims being released by the putative class are based a form debt collection letter sent to them by Defendant.

### **Confirmatory Discovery For Defendants' Net Worth Pursuant to Section 1692k of the FDCPA**

*Fourth* and finally, as to the confirmatory discovery used to establish Defendants' net worth pursuant to Section 1692kf of the FDCPA, Defendants responded to Plaintiff's discovery demands including interrogatories, admissions, and document demands. See Fed. R. Civ. P. §§33-34, 36. As previously discussed with Your Honor, and due to the sensitive nature of the

6

financial information provided, Defendants provided their net worth information, previously disclosed to Plaintiffs, for the Court's *in camera* review under separate cover.

    Thank you for your special attention to this matter. Should you have any further questions please do not hesitate to contact me.

                                                           Respectfully submitted,

                                                           */s/ Benjamin J. Wolf*
                                                           Benjamin J. Wolf, Esq.

Cc: Brendan H. Little, Esq. (*via* ECF)

**JONES, WOLF & KAPASI, LLC**
One Grand Central Place
60 East 42nd. Street, 46th. Floor
New York, NY 10165
(646) 459-7971

---

Militelllo v. Clients Services, Inc.
Civil Case No.: 1:20-cv-7805

October 12, 2021

Professional Services

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---:|---:|
| 9/2/2020 | JKJ | Meeting with client re: collection letter from Client Services | 0.75<br>575.00/hr | 431.25 |
| 9/3/2020 | JKJ | Draft cease and desist letter to Client Services, Inc., and request for verification of the debt. | 0.30<br>575.00/hr | 172.50 |
| 9/5/2020 | JKJ | Legal Research - FDCPA issues | 1.35<br>575.00/hr | 776.25 |
| 9/20/2020 | JKJ | Draft Complaint | 4.50<br>575.00/hr | 2,587.50 |
| 9/21/2020 | JKJ | Phone call with client re: review complaint | 0.75<br>575.00/hr | 431.25 |
| 10/19/2020 | BW | Legal Research---re Ds mtn to dismiss | 1.56<br>475.00/hr | 741.00 |
| | BW | Draft---P opp to pre mtn ltr to dismiss | 2.83<br>475.00/hr | 1,342.14 |
| 11/24/2020 | BW | Court Appearance--pre mtn telephone conference | 0.40<br>475.00/hr | 190.00 |
| | JKJ | Phone call with client | 0.30<br>575.00/hr | 172.50 |
| 12/16/2020 | JKJ | File Review--answer, 7.1 disclosure | 0.50<br>575.00/hr | 287.50 |
| 12/17/2020 | BW | CSI Interco research as possible D | 0.50<br>475.00/hr | 237.50 |

Militelllo v. Clients Services, Inc.                                                                                                            Page     2

|            |     |                                                                                                       | Hrs/Rate          | Amount   |
|------------|-----|-------------------------------------------------------------------------------------------------------|-------------------|----------|
| 12/28/2020 | JKJ | Draft-amended complaint, summons for CSI Interco                                                      | 2.10<br>575.00/hr | 1,207.50 |
|            | JKJ | Phone call with client re: review Amended Complaint                                                   | 0.75<br>575.00/hr | 431.25   |
| 1/28/2021  | BW  | Draft--case management order                                                                          | 0.50<br>475.00/hr | 237.50   |
|            | BW  | File Review--prep for Rule 16 conference                                                              | 0.40<br>475.00/hr | 190.00   |
|            | BW  | Court Appearance--Rule 16 Conference                                                                  | 0.30<br>475.00/hr | 142.50   |
|            | JKJ | Phone call with client                                                                                | 0.20<br>575.00/hr | 115.00   |
| 2/16/2021  | BW  | Draft---Rule 26 Disclosures                                                                           | 0.40<br>475.00/hr | 190.00   |
|            | JKJ | Draft---discovery demands for both defendants (admissions, interrogatories, ntp)                      | 3.30<br>575.00/hr | 1,897.50 |
| 2/19/2021  | JKJ | Draft--both ds admissions, interrogatories, ntp                                                       | 2.78<br>575.00/hr | 1,596.58 |
| 3/15/2021  | BW  | File Review--confidentiality order                                                                    | 0.30<br>475.00/hr | 142.50   |
| 3/17/2021  | BW  | Telephone call with opposing counsel--re confirming conference today, and adjourning time for D to respond to demands | 0.20<br>475.00/hr | 95.00    |
|            | BW  | File Review--prep for status conference                                                               | 0.30<br>475.00/hr | 142.50   |
|            | BW  | Court Appearance--status conference with magistrate                                                   | 0.20<br>475.00/hr | 95.00    |
|            | JKJ | Phone call with client                                                                                | 0.30<br>575.00/hr | 172.50   |
| 4/5/2021   | BW  | Draft--responses to Ds' demands                                                                       | 0.18<br>475.00/hr | 86.69    |
| 4/6/2021   | BW  | Draft---response to Ds demands (admissions, interrogatories, NTPs)                                    | 2.33<br>475.00/hr | 1,106.09 |

Militelllo v. Clients Services, Inc.                                                                 Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/7/2021 | BW | Draft---response to Ds demands (admissions, interrogatories, NTPs) | 0.49<br>475.00/hr | 232.62 |
| 4/8/2021 | BW | Draft---response to Ds demands (admissions, interrogatories, NTPs) | 0.36<br>475.00/hr | 168.76 |
|  | JKJ | Phone call with client to discuss responses to Ds' interrogatories, demands, admissions | 1.75<br>575.00/hr | 1,006.25 |
| 4/12/2021 | JKJ | File Review--Ds discovery responses review with Plaintiff | 1.11<br>575.00/hr | 639.85 |
| 4/13/2021 | JKJ | Draft---final responses to Ds demands (admissions, interrogatories, NTP) | 2.60<br>575.00/hr | 1,495.00 |
| 4/26/2021 | BW | Draft--both Ds' deposition notices | 1.00<br>475.00/hr | 475.00 |
| 4/29/2021 | BW | Telephone call with opposing counsel--re settlement | 0.30<br>475.00/hr | 142.50 |
|  | JKJ | Phone call with client | 0.20<br>575.00/hr | 115.00 |
| 5/6/2021 | BW | Draft---joint ltr to court for 30 day order to file joint mtn for preliminary approval | 0.20<br>475.00/hr | 95.00 |
| 5/17/2021 | JKJ | Draft---settlement agreement | 2.55<br>575.00/hr | 1,466.25 |
| 5/18/2021 | JKJ | Draft--settlement agreement | 0.55<br>575.00/hr | 316.25 |
| 5/19/2021 | JKJ | Draft--joint mtn for preliminary approval (notice of mtn, proposed order, final judgment, MOL) | 3.20<br>575.00/hr | 1,840.00 |
| 5/20/2021 | JKJ | mtn for preliminary approval (MOL, JKJ cert) | 0.76<br>575.00/hr | 439.56 |
|  | BW | Legal Research--website and post card class notice | 0.75<br>475.00/hr | 356.25 |
|  | JKJ | Phone call with client | 0.30<br>575.00/hr | 172.50 |
| 6/7/2021 | BW | Draft--class notice (website link) | 0.55<br>475.00/hr | 263.23 |

Militelllo v. Clients Services, Inc.                                                                                                   Page     4

|  |  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|---|
| 7/8/2021 | BW | File Review--Ds redlines to settlement and preliminary approval joint motion | | 0.50<br>475.00/hr | 237.50 |
| 10/6/2021 | BW | File Review---prep for preliminary approval hearing | | 0.60<br>475.00/hr | 285.00 |
|  | BW | Court Appearance---remote preliminary approval hearing | | 0.70<br>475.00/hr | 332.50 |
|  | JKJ | Phone call with client | | 0.20<br>575.00/hr | 115.00 |
| 10/11/2021 | BW | Draft---preliminary approval supplemental briefing | | 3.26<br>475.00/hr | 1,549.29 |
| 10/12/2021 | JKJ | email copy of Answer to client | | 0.10<br>575.00/hr | 57.50 |
|  | JKJ | Estimate - post pre-approval - class notice; class admin; and incoming calls from class members - issues | | 2.00<br>575.00/hr | 1,150.00 |
|  | JKJ | Estimate - draft final approval documents - Notice; MOL; Cert in Support; Final Approval Order; Fee Application - Attorney Fees | | 6.00<br>575.00/hr | 3,450.00 |
|  | BW | Estimate - file review and preparation and Court Appearance - final approval hearing | | 1.50<br>475.00/hr | 712.50 |
|  | BW | Estimate - post final approval issues | | 1.25<br>475.00/hr | 593.75 |
|  |  | **For professional services rendered** | | **61.06** | **$32,924.56** |
|  |  | Additional Charges : | | | |
| 9/22/2020 | | Filing Fee | | | 400.00 |
| 2/19/2021 | | Postage | | | 3.20 |
| 4/13/2021 | | Postage | | | 2.20 |
| 9/27/2021 | | Process of service | | | 242.10 |
|  |  | **Total additional charges** | | | **$647.50** |
|  |  | **Total amount of this bill** | | | **$33,572.06** |

Militelllo v. Clients Services, Inc.                                                                 Page    5

|  | **Amount** |
|---|---:|
| Balance due | $33,572.06 |